IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUZANNE E. SUTHERLAND,                          Case No. 3:16-cv-00321-MA

               Plaintiff,                       OPINION AND ORDER

    v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

              Defendant.

KAREN STOLZBERG
11830 SW Kerr Parkway, #315
Lake Oswego, OR 97035

      Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
District of Oregon
JANICE E. HEBERT
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902

FRANCO L. BECIA
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Ave., Suite 2900, M/S 221A
Seattle, WA 98104-7075

      Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff Suzanne E. Sutherland seeks judicial review of the partially favorable decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-403. This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons that follow, I reverse the Commissioner's decision concerning Plaintiff's DIB application and remand for an immediate calculation and award of benefits.

## PROCEDURAL AND FACTUAL BACKGROUND

On December 19, 2011, Plaintiff protectively filed a Title II application for a period of disability and disability insurance ("DIB") benefits. On February 17, 2012, Plaintiff protectively filed a Title XVI application for supplemental security income ("SSI") benefits. In those applications, Plaintiff alleged disability beginning December 31, 2003. On April 16, 2013, Plaintiff protectively filed a Title II application for disabled widow's benefits, alleging disability beginning February 28, 2008. All of Plaintiff's claims were denied initially and upon reconsideration. Plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on July 2, 2014, at which Plaintiff appeared with her attorney and testified. A vocational expert, Paul K. Morrison, also appeared at the hearing and testified. At the hearing, Plaintiff amended the alleged onset of disability date to January 1, 2010.

On July 31, 2014, the ALJ issued a partially favorable decision, finding that Plaintiff became disabled on February 17, 2012 at step three (meeting Listing 12.06 for Anxiety Related Disorders), and therefore was entitled to SSI and disabled widow's benefits. However, the ALJ determined Plaintiff was not entitled to DIB benefits because she did not have any severe impairments at step

two prior to her date last insured. The Appeals Council denied Plaintiff's request for review, and therefore, the ALJ's decision became the final decision of the Commissioner for purposes of review. Plaintiff appeals the unfavorable DIB portion of the ALJ's decision in this action.

Plaintiff has a long history of domestic violence abuse. Plaintiff described long-term exposure to abuse from her ex-husband, to whom she was married for 17 years. Plaintiff was severely abused in her next relationship by her then boyfriend, who she alleges continued to stalk, rape and attempted to murder her after she ended that relationship in 2006. Social Security Administrative Record ("Tr.") at 59-60, ECF No. 12. Plaintiff has not been employed full-time since 2002, and last attempted working in 2008. Tr. 258. In 2011, Plaintiff began seeking counseling and treatment to deal with the consequences of her abuse from the Domestic Violence Resource Center and the Sexual Assault Resource Center. Tr. 51-52, 68-69.

In June 2013, Plaintiff was hospitalized for a suicide attempt by overdose, then enrolled in an Intensive Outpatient Behavioral Health treatment program. Tr. 1080, 1085-92. Plaintiff continues to experience PTSD, and has severe depression and anxiety with suicidal ideation. Tr. 1080; 1150.

Plaintiff was 47 years old on her amended alleged onset of disability date, and 51 years old at the July 2014 hearing. Plaintiff has completed high school. Plaintiff has past relevant work as a travel agent, a customer service representative at call centers, and a collections agent.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive. The claimant bears the burden of proof at steps one through four. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012); *Valentine v. Commissioner Soc. Sec.*

*Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner to show that the claimant can do other work that exists in the national economy. *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).

The ALJ found that Plaintiff met the insured status requirements for a DIB application through September 30, 2010. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her amended alleged onset date, January 1, 2010. At step two, the ALJ found that prior to February 17, 2012, Plaintiff had the following medically determinable impairments: anxiety disorder, diabetes mellitus, and basal cell carcinoma. However, the ALJ concluded that these impairments or combination of impairments did not significantly limit Plaintiff's ability to perform basic work-related activities for 12 consecutive months. Consequently, the ALJ determined that Plaintiff did not have a severe impairment or combination of impairments prior to February 17, 2012. However, the ALJ found that beginning February 17, 2012, Plaintiff's PTSD and depression are severe impairments at step two.

At step three, the ALJ found that since February 17, 2012, Plaintiff's PTSD and depression meet Listing 12.06. Thus, the ALJ concluded that Plaintiff was not disabled prior to February 17, 2012, but became disabled on that date and continued to be disabled through the date of the decision.

## ISSUES ON REVIEW

Plaintiff contends that the following errors were committed: (1) the ALJ erred in failing to find Plaintiff's anxiety and depression severe prior to February 17, 2012; (2) the ALJ erred in failing to call a medical expert under SSR 83-20 to assess an onset date prior to February 17, 2012; (3) the ALJ erred in assessing the medical opinion evidence; (4) the ALJ erred in evaluating Plaintiff's credibility; and (5) the ALJ's decision is not supported by substantial evidence in light of the opinion

4 - OPINION AND ORDER

of Scott T. Alvord, Psy.D., rendered on December 13, 2014, after the ALJ's decision.    The Commissioner responds that the ALJ did not err, or alternatively, that Plaintiff has not demonstrated harmful error.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied the proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159 (internal quotations omitted); *Valentine*, 574 F.3d at 690. The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. *Batson v. Commissioner Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).    If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001); *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

## DISCUSSION

### I.    The ALJ Erred at Step Two and Failed to Comply with SSR 83-20

At step two, a claimant must establish that he or she suffers from a medically determinable impairment. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1004-1005 (9th Cir. 2005). The claimant has the burden of proving that "these impairments or their symptoms affect [her] ability to perform basic

5 - OPINION AND ORDER

work activities." *Edlund*, 253 F.3d at 1159-1160.  Step two findings must be based on medical evidence.  20 C.F.R. § 404.1520(a)(ii).  Denial of a claim at step two is appropriate only if the medical signs, symptoms and laboratory findings establish only a slight abnormality that has "no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation omitted); *Webb v. Barnhart,* 433 F.3d 683, 686 (9th Cir. 2005).  This has been described as a "*de minimus*" screening device designed to dispose of groundless or frivolous claims.  *Webb*, 433 F.3d at 686; *Smolen*, 80 F.3d at 686.

Plaintiff argues the ALJ erred at step two in finding her mental impairments of depression and anxiety nonsevere.  Plaintiff contends that the ALJ erred in failing to comply with SSR 83-20 by calling a medical expert to testify at the hearing to properly determine an onset date.  Plaintiff is correct.

The Ninth Circuit has determined that if the ALJ makes a disability determination "where a record is ambiguous as to the onset date of disability, the ALJ must call a medical expert to assist in determining the onset date." *Armstrong v. Comm'r Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998).  "In many claims, the onset date is critical[.]" SSR 83-20 at 1, *available at* 1983 WL 31249 (1983).

SSR 83-20 provides in relevant part:

In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence

concerning onset is available, such evidence should be secured before inferences are made.

SSR 83-20 at 1. The Ninth Circuit has interpreted the directive that a medial advisor "should" be called to mean that an expert "must" be called. *Armstrong*, 160 F.3d at 590 (citing *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991)).

Moreover, as the Ninth Circuit has recognized, when a claimant's limitations arise out of mental illness, establishing an exact onset of disability can be exceptionally difficult. "Mental disorders may manifest themselves over a period of time. Consequently, the precise date of onset of a disabling psychological impairment may be difficult, or impossible, to ascertain, and the services of a specialist may be necessary to infer the onset date." *Morgan v. Sullivan*, 945 F.2d 1079, 1081 (9th Cir. 1991) (*per curiam*). Thus, as SSR 83-20 requires, when the onset date is ambiguous, the ALJ has the duty to develop the record and must call a medical advisor to testify concerning an onset date. *Armstrong*, 160 F.3d at 590; *Graves v. Colvin*, Case No. 2:15-cv-00106-RFB-NJK, 2016 WL 3360669, *5 (D. Nev. Mar. 29, 2016). Likewise, SSR 83-20 provides that other sources of information concerning the onset date must be explored, such as "family members, friends, and former employers." SSR 83-20 at 3; *Armstrong*, 160 F.3d at 590.

In the decision, the ALJ determined at step two that Plaintiff's depression and anxiety were not severe as of September 30, 2010. Tr. 28. In so doing, the ALJ cited the lack of objective medical evidence prior to 2012 as fatal to Plaintiff's DIB claim, finding specifically that she had not received treatment for her mental impairments prior to that date. Tr. 28. Yet, the ALJ found that Plaintiff's depression, anxiety and PTSD were disabling – at the Listing level – as of February 17,

2012.  Tr. 29-30.  Consequently, the ALJ found Plaintiff disabled and the only critical inquiry is Plaintiff's onset date.

Contrary to the ALJ's findings, I conclude there is some, limited medical evidence that Plaintiff's depression and anxiety caused more than a minimal impact on her functioning prior to her date last insured that is sufficiently ambiguous to trigger the ALJ's duty to develop the record under SSR 83-20.  There is evidence in the record that Plaintiff was prescribed Cymbalta and Buspar for her depression, anxiety and PTSD as early as June 2009.  Tr. 594.  And, Plaintiff's treating providers continued to prescribe Cymbalta, Buspar, as well as adding Clonidine, Lorazepam, and Trazodone to treat her symptoms.  Tr. 405, 526, 582-83, 1002.  Additionally, a July 27, 2011 treatment note shows that Plaintiff reported that she was regularly seeing a counselor for her anxiety.  Tr. 560; *see also* Tr. 569, 512.  Plaintiff alleges that she has been suffering from depression, anxiety, and PTSD for years.  Tr. 329.  Plaintiff testified that she was unable to work in 2008 due to her anxiety and depression.  Tr. 50.  Likewise, Plaintiff's boyfriend of ten years described that Plaintiff has been able to work only briefly in 2008, and that beginning in 2008, Plaintiff did not want to leave the house. Tr. 309, 404.

Plaintiff's long-standing self-reported depression, anxiety and mental health problems are echoed elsewhere in the record.  For example, in May 2012, Plaintiff underwent a consultative examination with Marc Stuckey, Psy, D.  Tr. 484.  At that time, Plaintiff reported depression, anxiety, and symptoms related to past traumatic events, such as flashbacks, nightmares, intrusive thoughts, and hypervigilence.  Tr. 30.  Dr. Stuckey diagnosed Plaintiff with PTSD, and Major Depressive Disorder, Recurrent, Mild.  Tr. 486.  While the ALJ credited Dr. Stuckey's opinion at step three as an accurate reflection of Plaintiff's then-current functioning, the ALJ gave no

consideration to Dr. Stuckey's evaluation of Plaintiff's past psychiatric history, in which she revealed a prior suicide attempt and psychiatric hospitalization at age 17, and a history of depression, feelings of isolation, past hopelessness, sadness, and low self-esteem. Tr. 485.

Similarly, in October 2012, Plaintiff reported to Michelle Hayes, a counselor at NARA, that she attempted suicide at age 17 and engaged in other self-harming behaviors until six years ago, and has experienced depression since childhood. Tr. 852, 854. In a September 2012 Mental Health Assessment, Plaintiff reported that she was forced to stop working by her ex-boyfriend years earlier, and since has been unable to work due to extreme anxiety, fear, and other trauma affecting her ability to concentrate. Tr. 986. In a November 2012 psychiatric evaluation, Nick Drakos, Ph.D., indicated that Plaintiff reported long-standing depression, anxiety, and low-self esteem resulting in vegetative symptoms of low energy and difficulty concentrating. Tr. 1002. Dr. Drakos also indicated that Plaintiff reported her primary care provider at NARA prescribed Cymbalta, Buspar, Clonidine, Trazadone, and Benadryl in 2009 for her symptoms. Tr. 1002. Plaintiff reported to Dr. Drakos that she experienced partial improvement in her symptoms since starting medication, but frequently remained overwhelmed and has considerable difficulty functioning. Tr. 1003. Additionally, in a July 2, 2014 letter, Plaintiff's counselor Tara Vandehey opined that Plaintiff's mental impairments were likely disabling prior to 2010. Tr. 1151.

Based on Plaintiff's established disability in February 2012, the limited available medical evidence, and Plaintiff's self-reported history of depression and anxiety, I conclude the record is sufficiently ambiguous to trigger the ALJ's duty to develop the record and call a medical expert to assist in ascertaining Plaintiff's onset date. *Armstrong*, 160 F.3d 590; *Quarles v. Barnhart*, 178 F. Supp.2d 1089, 1097 (N.D. Cal. 2001) (holding ALJ failed to comply with SSR 83-20 by calling

medical expert to testify regarding onset of mental impairments); *Speight v. Apfel*, 108 F.Supp.2d 1087, 1092 (C.D. Cal. 2000) (holding ALJ erred in failing to call medical advisor to testify regarding onset of claimant's depression).

The Commissioner responds that Plaintiff simply failed to meet her burden of establishing disability prior to her date last insured and the ALJ's decision is a reasonable interpretation of sparse medical record. I disagree.

Although Plaintiff bears the ultimate burden of proof, this does not relieve the ALJ of his duty to develop the record. "In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (*per curiam*) (citation omitted). The fact that there may be limited medical records prior to a claimant's date last insured does not relieve an ALJ of his duty to develop the record when an ambiguity exists. *Armstrong*, 160 F.3d at 589-90; *Graves*, 2016 WL 3360669 at *6; *Quarles*, 178 F.Supp.2d at 1097. Additionally, Plaintiff may be one of the millions of individuals with a mental impairment who did not seek professional assistance until late in the day. *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (observing "it is common knowledge that depression is one of the most underreported illnesses in the country because those afflicted often do not recognize that their condition reflects a potentially serious mental illness.").

For all these reasons, I conclude the ALJ erred by failing to obtain testimony from a medical advisor to determine the onset date as required by SSR 83-20. The ALJ erred at step two in concluding that Plaintiff's depression and anxiety did not meet the threshold *de minimus* level of

severity as of September 30, 2010 without having developed the record. Accordingly, the ALJ's step two determination is not supported by substantial evidence.

## II.    Credibility and Opinion Evidence

### A.    The ALJ Failed to Cite Clear and Convincing Evidence to Discredit Plaintiff

In making step two findings, the ALJ found Plaintiff's statements concerning the intensity and limiting effects of her alleged impairments prior to February 17, 2012 were not credible because there is "minimal objective support prior to her date last insured." Tr. 27. Conversely, the ALJ found Plaintiff's allegations after February 17, 2012 generally credible because they were supported by objective medical evidence and corroborated by the testimony of friends and family.

Here, the ALJ erred in failing to identify specific, clear and convincing support for the adverse credibility determination. *E.g., Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (a claimant's testimony may be rejected only for specific, clear and convincing reasons); *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015) (same). The only reason offered by the ALJ for discounting Plaintiff's subjective allegations is the lack of medical evidence. It is well-established that an ALJ may discount a claimant's testimony based on a lack of objective medical evidence, however, it may not be the sole basis for finding a claimant not credible. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Further, a claimant is not required to produce objective evidence of the symptom or its severity. *Garrison*, 759 F.3d at 1014.

Moreover, the ALJ's rationale is not a reasonable interpretation of the record. The ALJ found Plaintiff's allegations of her limitations credible after she began mental health treatment, despite that Plaintiff's allegations concerning her mental health history have largely been consistent

11 - OPINION AND ORDER

across multiple treatment providers. *See* Tr. 484, 850, 1002, 1150. The ALJ appears to have confused the concepts of diagnosis and treatment with onset, and simply discounted Plaintiff's testimony based on her lack of treatment, a questionable practice where mental health limitations are concern. *Quarles*, 178 F.Supp.2d at 1098; *see also Garrison*, 759 F.3d at 1017 (cautioning against discrediting claimants whose mental health issues may have improved, but may not be able to work); *Nguyen*, 100 F.3d at 1465 (noting it is "a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation") (quotation and citation omitted). Accordingly, the ALJ's adverse credibility determination is not supported by substantial evidence; the ALJ has erred.

> B.    *The ALJ's Evaluation of the Medical Evidence Is Not Supported by Substantial Evidence*

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physician's opinions. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). The opinion of a treating or examining physician generally is accorded more weight than the opinion of a nonexamining physician. *Id.* Opinions from "other sources" such as physician assistants and counselors are not accorded the same weight as physicians, but may provide evidence about the severity of a claimant's impairments and how it affects a claimant's ability to work. 20 C.F.R. § 404.1513(d). Thus, the ALJ may discount testimony from other sources by providing germane reasons for doing so. *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

At step two, the ALJ credited the opinions of the agency nonexamining physicians, Arthur Lewy, Ph.D. and Megan D. Nicoloff, who opined in 2012 and 2013 respectively, that there was

insufficient evidence to establish functional limitations prior to Plaintiff's date last insured. Tr. 28, 83-85, 110. The ALJ adopted the opinions of Drs. Lewy and Nicoloff because the record contained scant objective medical evidence to support mental health limitations prior to February 17, 2012.

At step two, the ALJ rejected the July 2, 2014 opinion of Plaintiff's mental health counselor Tara Vandehey. In Ms. Vandehey's 2014 letter, Ms. Vandehey indicated that she began treating Plaintiff in 2013, and that Plaintiff is a victim of severe domestic abuse for many years. Tr. 1150. Ms. Vandehey noted that Plaintiff suffers from severe PTSD, which can be triggered by nightmares, flashbacks, and memories of abuse that can take a week or longer to stabilize. Tr. 1150. Ms. Vandehey also indicated that Plaintiff's PTSD magnifies her depression and anxiety, leading to an inability to concentrate, and generating feelings of extreme self-doubt, isolation, and guilt. Tr. 1150. Ms. Vandehey opined that Plaintiff cannot currently, or in the foreseeable future, handle work. Tr. 1151. Additionally, Ms. Vandehey opined that it is "psychiatrically probable that she has been disabled prior to 2010." Tr. 1151.

At step two, the ALJ gave no weight to Ms. Vandehey's opinion concerning Plaintiff's onset of disability for two reasons: (1) she did not begin treating Plaintiff until 2013, making her opinion about Plaintiff's past symptoms less persuasive, and (2) it is not supported by objective medical evidence. Tr. 28. Conversely, the ALJ gave Ms. Vandehey's opinion weight concerning Plaintiff's current functioning at step three, finding it consistent with other medical evidence and opinions and supporting the determination that Plaintiff has marked limitations in social functioning and concentration, persistence, and pace. Tr. 29, 32. Plaintiff contends that the ALJ erred in evaluating Ms. Vandehey's opinion. Plaintiff is correct.

13 - OPINION AND ORDER

As discussed above, a lack of contemporaneous objective evidence of treatment does not equate to onset of disability when considering mental health limitations. *Quarles*, 178 F.Supp.2d at 1098 ("The fact that pre-DLI medical reports or clinical tests may not exist does not diminish the ambiguity regarding onset date."). Additionally, the ALJ's rationale in crediting Ms. Vandehey's opinion after 2012, but rejecting her opinion as to onset is not supported substantial evidence. As the ALJ correctly found, Ms. Vandehey's opinion is consistent with the other medical evidence in the record after 2013. The ALJ failed to provide any specific rationale besides the lack of objective support for discounting Ms. Vandehey's opinion concerning Plaintiff's potential onset date. Therefore, I conclude the ALJ failed to provide reasons germane to Ms. Vandehey for rejecting her opinion.

Plaintiff also argues that the ALJ's step two analysis is not supported by substantial evidence in light of the opinion of Dr. Alvord, an examining physician. Dr. Alvord conducted a psychological evaluation of Plaintiff on December 12, 2014, and specifically was asked to address Plaintiff's potential onset of symptoms that interfered with her ability to work full-time. Tr. 1152. Dr. Alvord reviewed numerous records, conducted a mental status examination, discussed Plaintiff's psychiatric history, and diagnosed Plaintiff with chronic PTSD (severe), Major Depressive Disorder (severe) and Panic Disorder with Agoraphobia. Tr. 1157. Dr. Alvord opined that Plaintiff currently is paralyzed by anxiety and depression, and that her "current symptoms have been present since well before her date last insured." Tr. 1157.

Dr. Alvord's opinion was submitted to the Appeals Council after the ALJ issued its decision. The Appeals Council reviewed Dr. Alvord's opinion, but concluded that Dr. Alvord's opinion did not provide a basis for altering the ALJ's decision. Tr. 2. "[W]hen a claimant submits evidence for

14 - OPINION AND ORDER

the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).

In light of the additional evidence from Dr. Alvord, I conclude that the ALJ's step two determination is not supported by substantial evidence in the record as a whole. Here, the ALJ did not have the opportunity to review Dr. Alvord's opinion and instead credited the opinions of Drs. Lewy and Nicoloff, and rejected Ms. Vandehey's opinion. Dr. Alvord's opinion has provided critical, probative evidence concerning Plaintiff's onset date of her anxiety and depression. Dr. Alvord's opinion is consistent with the opinions of Dr. Drakos, Dr. Stuckey, Ms. Vandehey, as well as Plaintiff's other mental health providers. Therefore, considering Dr. Alvorod's opinion, the ALJ's denial of DIB benefits at step two is not supported by substantial evidence in light of the record as a whole.

## III.   **Remedy**

After finding the ALJ erred, this court has the discretion to remand for further proceedings or for immediate payment of benefits. *Garrison,* 759 F.3d at 1021. The issue turns on the utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). Generally, the proper course is to remand for further proceedings. *Beneke v. Barnhart*, 359 F.3d 587, 595 (9th Cir. 2004). A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed. *Garrison*, 759 F.3d at 1021; *Brewes*, 682 F.3d at 1164. The Ninth Circuit has established a three part test to determine whether to credit evidence and remand for payment of benefits:

15 - OPINION AND ORDER

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* at 1020. It is an abuse of discretion to "remand[ ] for an award of benefits when not all factual issues have been resolved." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n. 5 (9th Cir.2014). Even if the "credit-as-true" criteria are met, the court retains the "flexibility" to remand for further proceedings where "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Further proceedings are not necessary here; there are no outstanding issues to resolve. As discussed above, the ALJ erred in failing to obtain the testimony of a medical advisor concerning Plaintiff's onset date as required by SSR 83-20. Likewise, the ALJ erred in discrediting Plaintiff's testimony and erred in evaluating the medical evidence of Ms. Vandehey and Dr. Alvord. Plaintiff has been found disabled at step three and the only pertinent issue is whether Plaintiff has established disability prior to her date last insured, September 30, 2010. Plaintiff testified that she has been unable to work since 2008 due to her anxiety, depression, and PTSD. Ms. Vandehey opined that Plaintiff has been unable to work since prior to 2010. And, Dr. Alvord opined that Plaintiff is currently "paralyzed by anxiety and plagued by chronic depression" and that her current symptoms have been present since well before her date last insured. Tr. 1157. Dr. Alvord's opinions are not inconsistent with any medical opinion. Indeed, Drs. Lewy and Nicoloff concluded that the record lacked objective medical evidence about Plaintiff's functional limitations, yet they did not have the benefit of reviewing Dr. Alvord and Ms. Vandehey's opinions that became part of the record after their review. When Plaintiff's testimony and Dr. Alvord and Ms. Vandehey's opinions are credited

16 - OPINION AND ORDER

as true, it is clear from the record that the Commissioner would be required to find Plaintiff disabled. *Brewes*, 682 F.3d at 1164-65. Finally, having carefully reviewed the entire record, I have no serious doubt that Plaintiff has been disabled since well before her date last insured.

Accordingly, I reverse the Commissioner's decision, and remand this matter for an immediate calculation and award of DIB benefits to Plaintiff.

## CONCLUSION

For the reasons stated above, the Commissioner's final decision denying benefits to Plaintiff on her DIB application is REVERSED and this proceeding is REMANDED for an immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this _10_ day of FEBRUARY, 2017.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

17 - OPINION AND ORDER